## John S. Moon v. Josiah M. Thompson.

Although the Act of 1857 does not in terms require the justification of sureties to an undertaking required to remove a cause into the Common Pleas from a District Court, the undertaking is nevertheless subject to the approval of the justice, who may adopt any reasonable mode of satisfying himself of the sufficiency of the sureties offered.

Hence where, in an action in a District Court, the defendant submitted an undertaking to remove the cause into the Court of Common Pleas, and the justice required the defendant to produce his sureties for justification, and on examination one of them was rejected, as being insufficient, and the cause was adjourned, to enable the defendant to produce the other surety; *Held*, that a judgment rendered for the plaintiff, on the adjourned day, on the failure of the defendant or his surety to appear, was regular, and would be affirmed on appeal.

APPEAL from a judgment of the Sixth District Court.

The action was commenced by an attachment, and issue was joined on the 16th October, and the action adjourned to the 22d, on which day the defendant presented to the justice the usual undertaking (with affidavits of justification annexed), to remove the cause into the Court of Common Pleas. The justice declined to approve the same, and adjourned the action to the 23d, and afterward to the 24th October, to enable defendant to produce his sureties to justify. On the latter day, one of the sureties was produced, and having been sworn and examined by the justice, was rejected as insufficient. A further adjournment was granted, to enable the defendant to produce his other surety, and on the adjourned day, neither the defendant nor his surety appearing, an inquest was taken by the plaintiff, and judgment rendered in his favor, against the defendant. From such judgment defendant appeals.

*Charles A. Magnes*, for appellant.

*R. H. Channing*, for respondent.

BY THE COURT.—BRADY, J.—When the defendant desires to remove an action commenced in one of the District Courts

to this court, it may be done " upon his executing to the plaintiff an undertaking, with one or more sureties, to be approved by the justice of the court in which such action is commenced, to pay to the plaintiff the amount of any judgment that may be awarded against him " by this court (section 3, Act of 1857; 1 Laws of 1857, p. 708). It will be observed that this law does not require in terms either an affidavit of justification, or a justification by examination before the justice. The undertaking, however, is to be approved by the justice, and as such approval calls for the exercise of a discretion, which may involve the whole of the plaintiff's recovery, there is no doubt that he would be authorized to adopt any reasonable mode of satisfying himself that the sureties offered were sufficient. The result of the course adopted by the justice in this case shows the propriety of employing some test, inasmuch as it appeared on the examination of one of the defendant's sureties that he did not possess the requisite qualifications. The justice was, however, authorized, if indeed he were not required, to demand the production of the sureties for personal examination by him. The rules and regulations of the Supreme Court of this State apply to these courts (Laws of 1863, ch. 424, p. 971), and by Rule 6 it is provided that whenever a justice or other officer approves of the security to be given in any case, it shall be his duty to require personal sureties to justify. The justification may be by affidavit, or by examination in open court. A justification of sureties is not, in its legal sense, accomplished in all cases by an affidavit merely. If the right to except exists, then the sureties must appear and submit to an examination as to their qualifications. The right to except to sureties is not given to the plaintiff in the proceeding under consideration, and the duty therefore of determining the sufficiency of the sureties devolves upon the justice. If the power was arbitrarily exercised, or employed in such mode as to defeat the application of the statute, the defendant would not be without relief, but the practice of requiring the sureties to appear and answer as to their ability is one which is not only not arbitrary, but calculated to subserve the ends of justice. The proceeding of removing causes from the District Courts to this

court subjects the plaintiff to delay and additional expense. The defendant in this case was afforded all the opportunity to which he was entitled to prepare either a new bond, or for the trial, and has nothing to complain of, therefore, except that he was required to produce his sureties. That was not good cause of complaint, and the judgment should be affirmed.